# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KELLYE McNITT,

    Applicant,

v.                                                                             No. CIV-99-0195 LH/KBM

PENNY LUCERO, Warden,
ATTORNEY GENERAL PATRICIA MADRID,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Respondents' motion (Doc. #10) filed April 21, 1999, to dismiss Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254.

Applicant was convicted of forgery and habitual offender in state court. N.M. Stat. Ann. §§ 30-16-10(A); 31-18-17 and -20 (Michie 1978) (Repl. Pamp. 1994). She was sentenced to three years imprisonment for the forgery conviction and an additional eight years for habitual offender. § 31-18-17(D). Judgment was entered on the convictions November 21, 1997. The judgment was affirmed on appeal, *State v. McNitt*, No. 19,121 (N.M. Ct. App. June 24, 1998), and Applicant's petition for writ of *certiorari* was denied. *State v. McNitt*, No. 25,278 (N.M. August 13, 1998).

In her § 2254 application Applicant raises four claims: error in instructing the jury, insufficiency of evidence, and unconstitutional conviction and sentence for habitual offender. Respondents contend that Applicant's first claim presents exclusively issues of state law, the second is defeated by the presumption of correctness, § 2254(d) and (e)(1), and the third and fourth are procedurally barred. Applicant has not responded to the motion to dismiss.

Applicant's conviction resulted from forging her mother's signature on a check and attempting to cash the check at a grocery store. Applicant had previously cashed checks on the account with her mother's permission and testified that she believed she had permission to cash the check in question. She also testified that, after signing the check herself, she changed her mind and threw the check in the trash,

and that another person presented the check. The store clerk testified that Applicant presented the check. Applicant admitted to three prior felony convictions.

No relief is available on Applicant's first and second claims because they were correctly adjudicated on the merits by the New Mexico Court of Appeals. Federal habeas relief may not be granted on a claim that has been adjudicated on the merits unless the state court decision was contrary to federal law or was based on an unreasonable factual determination. § 2254(d)(1) and (2). Applicant's first claim is that she was denied a fair trial when the state court judge refused to instruct the jury on her mistake-of-fact defense to the intent element of the forgery charge. The court of appeals rejected this claim, noting that the jury was instructed on the "intent to injure or defraud" element of the offense, N.M. Stat. Ann. § 30-16-10(A), and citing clear precedent that a mistake-of-fact instruction is unnecessary if "the intent element . . . is adequately defined." *McNitt*, No. 19,121, slip op. at 2 (quoting *State v. Bunce*, 861 P.2d 965, 968 (N.M. 1993)). Because the court of appeals' ruling was not contrary to federal law, *see United States v. Sapp*, 53 F.3d 1100, 1103-04 (10th Cir. 1995), Applicant's first claim does not present grounds for relief, § 2254(d)(1), and should be denied.

Applicant's second claim is that evidence of her intent "to injure or defraud" was insufficient to support a conviction for forgery. As grounds, she alleges she believed she had permission to sign the check. In its opinion rejecting this claim on direct review, the court of appeals noted Applicant's contradictory but undisputed testimony that she believed she had permission to write the check but then threw it in the trash, that "Rufina Hernandez must have taken the check out of the trash," and that Applicant was present when the check was given to the store. The court concluded that the intent element of Applicant's forgery conviction was supported by sufficient evidence. *McNitt*, No. 19,121, slip op. at 4. This ruling was based on a reasonable factual determination, § 2254(d)(2); *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999), and Applicant's second claim should be denied.

Applicant's third and fourth claims, which arise from her conviction and enhanced sentence for

habitual offender, are barred by the doctrine of procedural default. Applicant contends her conviction and enhanced sentence violate the Due Process and Equal Protection clauses, and the sentence also constitutes cruel and unusual punishment in violation of the Eighth Amendment. The state court of appeals refused to allow an amended docketing statement for consideration of these claims because they were not preserved for direct appeal at trial. *State v. McNitt*, No. 19,121, slip op. at 2 (citing N.M.R.Civ.P. 12-216(A); *State v. Burdex*, 668 P.2d 313, 317 (N.M. Ct. App. 1983)). Although the court considered whether its decision would offend federal constitutional provisions, *McNitt*, No. 19,121, slip op. at 2, the ruling was made on "an independent and adequate state procedural ground." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999). Furthermore, Applicant cannot show that preclusion of these claims caused prejudice to her case, *State v. Rueda*, 975 P.2d 351, 355 (N.M. Ct. App.1998); *Rummel v. Estelle*, 445 U.S. 263, 284 (1980); *State v. Haddenham*, 793 P.2d 279, 287 (N.M. Ct. App. 1990), or miscarriage of justice. *Stafford v. Ward*, 59 F.3d 1025, 1027 (10th Cir. 1995). Applicant's third and fourth claims may not be considered on federal habeas corpus review and should be denied.

Wherefore, **IT IS HEREBY RECOMMENDED THAT:**

1. Respondents' motion to dismiss (Doc. #10) filed April 21, 1999, be granted,
2. Applicant's claims be denied, and
3. This petition be dismissed with prejudice and this proceeding be dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE